# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

GERONIMO ORTIZ,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO.: 18-1248 (MEL)

## OPINION AND ORDER

Pending before the Court is Gerónimo Ortiz's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability benefits. ECF No. 3. Plaintiff, who applied for disability alleging severe depression, insomnia, back pain, and low hemoglobin, challenges the administrative law judge's decision regarding steps three, four, and five of the sequential process. Plaintiff also alleges that the administrative law judge did not fully discuss the Avery Factors.

### I.     Procedural and Factual Background

Plaintiff filed an application for Social Security benefits alleging that on October 25, 2010 ("the onset date"), he became unable to work due to disability. Tr. 42, 309-10.[1] Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015. Tr. 16. Prior to becoming unable to work, Plaintiff was a supermarket stock clerk. Tr. 51. Plaintiff's claim was denied on February 11, 2013, and upon reconsideration. Tr. 57, 61. Thereafter, Plaintiff requested a hearing which was held on June 6, 2016 before Administrative Law Judge Mario G. Silva (hereafter "the ALJ"). Tr. 42. On June 22, 2016 the ALJ issued a written decision finding that

---

[1] "Tr." refers to the transcript of the record of proceedings.

Plaintiff was "not disabled under section 216(i) and 223(d) of the Social Security Act through December 31, 2015, the last date insured." Tr. 24. Thereafter, Plaintiff requested review of the ALJ's decision. Tr. 307. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner of Social Security, subject to judicial review. Tr. 1. Plaintiff filed a complaint on May 1, 2018. ECF No. 3. Both parties have filed supporting memoranda. ECF Nos. 13; 14.

## II. Legal Standard

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether his factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." López-Vargas v. Comm'r of Soc. Sec., 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." Ginsburg

v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. See Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he or she is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined that the plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether the plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether the plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether the plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. part 404, subpart P, appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then the plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether the plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity ("RFC"). Id. If the ALJ concludes that the plaintiff's impairment or impairments do prevent him from performing his past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether the plaintiff's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines

that there is work in the national economy that the plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

### III. The ALJ's Determination

In the case at hand, the ALJ found in step one of the sequential process that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, October 25, 2010. Tr. 16. At step two, the ALJ determined that Plaintiff, "had the severe impairment of cervical and lumbar degenerate disc disease, depression and anxiety." Id. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 17. Next, the ALJ determined that Plaintiff had

> the residual functioning capacity to perform medium work as defined in 20 CFR 404.1567(c). The claimant additionally retained the ability to frequently balance, stoop, bend, kneel, crouch, and crawl. Mentally the claimant retained the ability to deal with simple, routine and repetitive tasks, and to occasionally interact with coworkers, supervisors and the public.

Tr. 18. At step four, the ALJ determined that Plaintiff was unable to perform any of his past relevant work. Tr. 22. At step five, the ALJ presented Plaintiff's RFC limitations, as well as his age, education, and work experience to a vocational expert. The vocational expert testified that an individual with a similar RFC would be able to perform the following representative occupations: hand packager, machine package sealer, and industrial cleaner. Tr. 23. Because there was work in the national economy that Plaintiff could perform, the ALJ concluded that he was not disabled. Id.

### IV. Analysis

Plaintiff challenges the ALJ's decision with regard to steps three, four, and five of the sequential process. First, Plaintiff argues that the ALJ erred in finding that Plaintiff did not meet the criteria of sections 12.03 (schizophrenia) ("Listing 12.03") and 12.04 (affective disorder) ("Listing 12.04") in 20 C.F.R. Part 404, Subpart P, Appendix 1. ECF No. 13, at 7. Second, Plaintiff

5

claims the ALJ erred in finding that he had the RFC to perform medium work involving simple and repetitive tasks. Id. Finally, Plaintiff argues the ALJ did not use proper legal standard for evaluating subjective complaints of pain and did not fully discuss the Avery Factors. Id.

**A. The ALJ's Step Three Determination**

Plaintiff alleges that the ALJ erred in his decision that Plaintiff did not meet the criteria of Listing 12.03 and Listing 12.04. First, Plaintiff contends that he meets the criteria of Listing 12.03 (schizophrenia). Disability based on schizophrenia is characterized by delusions, hallucinations, disorganized speech, or grossly disorganized or catatonic behavior, causing a clinically significant decline in functioning. 20 C.F.R. Part 404, Subpart P, Appendix 1 §12.03.

As an initial matter, Plaintiff did not allege disability based on schizophrenia and his attorney only argued that Plaintiff would meet the criteria of 12.04 (affective disorder). "If a claimant is unable to show that he has a medically severe impairment, he is not eligible for disability benefits." Bowen v. Yuckert, 482 U.S. 137, 148 (1987). Plaintiffs do not cite to any diagnosis of schizophrenia by treating psychiatrists Dr. José Ríos-Cervantes ("Dr. Ríos-Cervantes") or Dr. Nilda García ("Dr. García"). Thus, substantial evidence supports the ALJ's decision that Plaintiff failed to meet the criteria of Listing 12.03.

Substantial evidence also supports the ALJ's finding that Plaintiff did not meet the requirements of Listing 12.04 (affective disorder). Disability based on depressive disorder requires evidence of five or more of the following: depressed mood, diminished interest in almost all activities, appetite disturbance with change in weight, sleep disturbance, observable psychomotor agitation or retardation, decreased energy, feelings of guilt or worthlessness, difficulty concentrating or thinking, and thoughts of death or suicide. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04.

Listing 12.04 also requires satisfaction of "Paragraph B" or "Paragraph C" criteria. "Paragraph B" requires either extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. Id. at § 12.04. "Paragraph C" of Listing 12.04 requires a medically documented history of the disorder for over two years, medical treatment for the disorder, and only marginal adjustment. Id. at § 12.04.

Plaintiff alleges that medical evidence establishes that he meets the criteria in "Paragraph B" for Listing 12.04. ECF No. 13 at 8-9. Regarding "Paragraph B," the ALJ found that Plaintiff had only moderate limitations. Tr. 17. The ALJ found that Plaintiff had only moderate restrictions in activities of daily living and supported his finding with evidence from examining consultant neurologist Dr. Glenn Garayalde-Cotroneo ("Dr. Garayalde"). Tr. 17, 463-72. Dr. Garayalde asserted that Plaintiff could do light household chores, and drive a car on a consistent, useful basis. Tr. 17, 463. Second, the ALJ found Plaintiff had only moderate difficulties in social functioning. Tr. 17. The ALJ cited Dr. Garayalde again who found that Plaintiff was well-behaved and cooperative. Tr. 463. Further, the ALJ found no progress notes documenting Plaintiff having social difficulty, and that Plaintiff interacted appropriately with his representative and staff at the hearing. Tr. 17. Finally, for concentration, persistence, and pace, the ALJ found that the evidence did not indicate signs of poor memory or concentration. Tr. 18. The ALJ determined this based on Plaintiff's ability to answer questions and remember past events during the hearing. Tr. 18. The ALJ's decision that Plaintiff's impairment, either singly or in combination, did not meet or equal the criteria of an impairment in Listing 12.04 is supported by substantial evidence. Tr. 17.

### B. The ALJ's Step Four Determination

Plaintiff challenges the ALJ's step four determination that Plaintiff had the RFC to perform medium work involving simple and repetitive tasks. ECF No. 13 at 9. Also, Plaintiff argues that the ALJ failed to support the decision with thorough discussion of the Avery Factors when determining Plaintiff's RFC. Id. at 12-14.

#### a. Plaintiff's RFC to perform medium work

Plaintiff argues the medical evidence in the record reveals that Plaintiff had further limitations than those found by the ALJ when determining Plaintiff's RFC. Id. at 9. For physical impairments, Plaintiff cited Dr. Garayalde's opinion that concluded Plaintiff had trapezius and lumbar spasms. ECF No. 13, at 4. Plaintiff also cited examining consultant radiologist Dr. Salvador Mercado's ("Dr. Mercado") report that showed spondylosis and degenerative disease of both the lumbar and cervical spine. ECF No. 13, at 10. The ALJ determined that Plaintiff could perform medium work and frequently balance, stoop, bend, kneel, crouch, and crawl. Tr. 18. This RFC finding was supported by findings of Dr. Garayalde and State agency examining consultant orthopedic Dr. Antonio Medina ("Dr. Medina"). Tr. 18, 197-98, 463-72. The ALJ explicitly noted that he relied upon the opinion of Dr. Garayalde who, after an examination, found that Plaintiff was able to perform functional movements without any difficulty. Tr. 20, 464. The record states that a back examination revealed "mild trapezius and lumbar spasms." Tr. 464.

The ALJ's RFC finding was also supported by Dr. Medina's assessment that Plaintiff could perform medium work with postural limitations. Tr. 197-98. Dr. Medina based his conclusion on the evidence in the record showing normal motor strength, normal gait, ability to heel and toe walk and only decreased ranges of motion of the lumbar and cervical spine. Tr. 197. The ALJ also found that the record corroborated no specific neurological disorder, muscle weakness, atrophies or

deformities in the spine. Tr. 20. The ALJ's conclusion that the record does not support Plaintiff's allegations of disabling physical impairments is supported by substantial evidence. Id.

For mental impairments, the ALJ acknowledged that Plaintiff had received treatment from Dr. García and Dr. Ríos-Cervantes for major depressive disorder and anxiety. Tr. 20. Further, Plaintiff received treatment with pharmacotherapy and psychotherapy. Id. But, the ALJ concluded that Plaintiff was stable with treatment and that Plaintiff's mental impairments were not disabling ones. Tr. 20. The ALJ noted that Plaintiff's Global Assessment of Function ("GAF") ratings were always above 55, indicating moderate mental symptoms. Tr. 20, 99-100, 416-30. The ALJ gave significant weight to the ratings because they were assessed by treating professionals after having the opportunity to examine Plaintiff for a long period of time. Tr. 20.

Plaintiff supported his assertion that he has disabling mental impairments by citing Dr. Ríos-Cervantes' opinion that Plaintiff is extremely limited with poor ability to perform practically all working mental activities. Tr. 512-513. But, the ALJ gave little weight to Dr. Ríos-Cervantes' opinion because the treating notes did not substantiate the degree of mental incapacity reported by Dr. Ríos-Cervantes. Tr. 20. The ALJ stated, "the doctor's own annotations do not contain the kind of signs and symptoms that would make us understand and agree with this assessment. In fact, the doctor includes in his report symptoms that are not mentioned in the treating notes." Id. Indeed, a review of Dr. Ríos-Cervantes' notes reveals that 14 categories indicating Plaintiff's ability to do work-related activities are marked as "poor" without adequate explanation to describe the factors supporting the assessment.[2] Tr. 512-13. Also, the ALJ noted that this is the only piece of evidence available that depicts Plaintiff as disabled for work. Tr. 20.

---

[2] Dr. Ríos-Cervantes left two sections blank in the Medical Source Statement that asked for his medical and clinical findings to support the assessment. Tr. 513, 515. While Dr. Ríos-Cervantes did fill out one section that asked for his medical and clinical findings, that section is completely illegible. The Court cannot conclude that the ALJ is wrong and that his opinion is not supported by substantial evidence.

The disability determination process generally gives "more weight to medical opinions from [a claimant's] treating sources." 20 C.F.R. § 404.1527(c)(2). But, the ALJ is not *required* to give controlling weight to the opinions of treating physicians. Barrientos v. Sec'y of Health & Human Servs., 820 F.2d 1, 2-3 (1st Cir. 1987); Rivera-Tufino v. Comm'r of Soc. Sec., 731 F. Supp. 2d 210, 216 (D.P.R. 2010). Rather, the ALJ can give less weight to a treating physician's opinion if she has good reason to do so. Pagán-Figueroa v. Comm'r of Soc. Sec., 623 F. Supp. 2d 206, 210-11 (D.P.R. 2009). The ALJ gave significant weight to Dr. Medina, who found Plaintiff with the ability to do medium work with postural limitations, because the evidence as a whole corroborates "mild physical findings and limited treatment." Tr. 21, 197-98. The ALJ's decision regarding the absence of disabling mental impairments is supported by substantial evidence.

**b. The Avery Factors**

Plaintiff argues that the ALJ failed to support his RFC conclusion with examples and did not provided a thorough discussion of the Avery Factors. ECF No. 13, at 14. The Avery Factors are essential when assessing the credibility of subjective symptoms. Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 28 (1st Cir. 1986). These factors include:

> (1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain; (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions); (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication; (4) Treatment, other than medication, for relief of pain; (5) Functional restrictions; and (6) The claimant's daily activities.

Id. at 29. Courts in the First Circuit have recognized that there is no need for administrative law judges to "slavishly discuss all factors relevant to analysis of the claimant's credibility." Amaral v. Comm'r of Soc. Sec., 797 F. Supp. 2d 154, 162 (D. Mass. 2010). Although the ALJ did not expressly mention the "Avery Factors," he did discuss them at the hearing and in his decision. "A failure to address all of the Avery factors in the rationale of the final decision is cured if the factors

are discussed or considered at the administrative hearing." Mercado v. Comm'r of Soc. Sec., 767 F. Supp. 2d 278, 285 (D.P.R. 2010).

The ALJ considered and discussed the Avery factors. The ALJ considered Plaintiff's treatment and found that treatment was very limited and conservative with pain relievers. Tr. 19. The ALJ noted that the medical evidence did not support a disabling musculoskeletal condition. Tr. 21. Plaintiff does not cite to any evidence on the record of neurological deficits, muscle weakness atrophies, or significant functional limitations of the spine or lower extremities. Tr. 21. The ALJ acknowledged that the record did contain signs and symptoms of back pain and tenderness. Tr. 19. But, citing Dr. Mercado's progress notes, the ALJ concluded that his findings only proved "mild to moderate findings of the spine" because Dr. Mercado's opinion was that Plaintiff had "mild spondylosis and degenerative disease." Tr. 19, 474. Also, the ALJ considered additional treatment modalities and concluded there were none because there were no "steroid injections, nerve blocks, narcotic based medicine, or recommendation for surgery." Tr. 19. Regarding Plaintiff's mental functioning, the ALJ noted that medications were not changed or increased, and that Plaintiff never required mental hospitalization. Tr. 20-21.

While assessing Plaintiff's social functioning, the ALJ noted in his decision that during the hearing Plaintiff appropriately interacted with his representative and the hearing staff. Tr. 17-18. Regarding onset of pain, the ALJ pointed out that although Plaintiff alleged he was disabled due to physical and mental conditions, these physical impairments were present before the onset date and Plaintiff worked with them. Tr. 21, 377-85, 520-23. For daily activities, the ALJ considered Plaintiff daily activities such as his ability to shower and do household chores. Tr. 17-18, 73-74, 463. Contrary to Plaintiff's argument, the ALJ substantially discussed the Avery Factors in both the hearing and his decision.

### C. The ALJ's Step Five Determination

Plaintiff argues that because the ALJ erred in his analysis of factors relating to Plaintiff's ability to do other work, the vocational expert erred in his analysis of Plaintiff's ability to perform work in the national economy. ECF No. 13, at 11. To support a finding that an individual is not disabled at step five, the ALJ must provide evidence that demonstrates that other work exists in significant numbers in the national economy that Plaintiff can do given his RFC, age, education, and work experience. 20 C.F.R. § 404.1512(g).

Substantial evidence supports the ALJ's decision that Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. 404.1567(c). Accordingly, the ALJ supported his Step Five determination with substantial evidence by requesting the testimony of a vocational expert after presenting him with Plaintiff's RFC limitations, as well as his age, education, and work experience. Tr. 53.

### V. Conclusion

Based on the foregoing analysis, the Court concludes that the decision of the Commissioner that Plaintiff was not entitled to disability benefits was supported by substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September, 2019.

s/Marcos E. López<br>U.S. Magistrate Judge